# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS H. ALMEIDA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF STATE OF CALIFORNIA,<br><br>　　　　　Respondent.<br>_____/ | 1:11-cv-01224-DLB (HC)<br><br>ORDER TO SHOW CAUSE REGARDING PETITION, GRANTING PETITIONER'S MOTION TO AMEND PETITION, AND DISREGARDING MOTION FOR LEAVE TO FILE OVERSIZED PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Docs. 1, 6, 7] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition for writ of habeas corpus on July 25, 2011, along with a motion for leave to file an oversized habeas corpus petition and request for leave to file a supplemental brief in support of his petition.

## DISCUSSION

I.    Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Court has conducted a preliminary review of the Petition and finds it is without jurisdiction to hear the case as Petitioner has named an improper respondent.

1    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
2 officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules
3 Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
4 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
5 custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
6 incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v.
7 United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,
8 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions
9 is also appropriate.  Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on
10 probation or parole, the proper respondent is his probation or parole officer and the official in
11 charge of the parole or probation agency or state correctional agency.  Id.
12    In this case, petitioner names the California Attorney General as Respondent.  Although
13 Petitioner is currently in the custody of the California Department of Corrections, the California
14 Attorney General cannot be considered the person having day-to-day control over Petitioner.
15    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
16 for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326,
17 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2d
18 Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect
19 by amending the petition to name a proper respondent.  See West v. Louisiana, 478 F.2d 1026,
20 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
21 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
22 Washington, 394 F.2d 125 (9th Cir. 1968) (same).
23 II.    Motion to File Supplemental Brief
24    Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,
25        A party may amend its pleading once as a matter of course within:
26            (A) 21 days after serving it; or
27
28            (B) if the pleading is one to which a responsive pleading is
                required, 21 days after service of a responsive pleading or 21 days

after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In this case, Petitioner may amend the petition as a matter of law. However, Petitioner is advised an amended petition supercedes the original petition, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

III.     Motion for Leave to File Oversized Petition

Petitioner has filed a request to file an "oversized" petition for writ of habeas corpus. Petitioner is advised that there is not a per se limitation on the number of pages in filing a petition for writ of habeas corpus. However, Petitioner is advised that it is in his best interest to set forth his claims for relief as clearly and concisely as possible. The Court will forward a § 2254 form petition to Petitioner for assistance.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner's motion to file an "oversized" habeas corpus petition is DISREGARDED;
2. Petitioner's motion to file an amended petition is GRANTED;
3. within thirty (30) days from the date of service of this order, Petitioner shall file an amended petition, in accordance with this order; and
4. The Clerk of Court is directed to send Petitioner a blank § 2254 petition;
5. Failure to comply with this order may result in an order to dismiss the action for failure to comply with a court order. Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 8, 2011**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE