# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS H. ALMEIDA,<br><br>             Petitioner,<br><br>     v.<br><br>GREG LEWIS,<br><br>             Respondent.<br>_____/ | 1:11-cv-01224-DLB (HC)<br><br>ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITION, GRANTING PETITIONER LEAVE TO WITHDRAW THE UNEXHAUSTED CLAIMS WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER, AND DENYING MOTIONS FOR DISCOVERY<br><br>[Docs. 19, 23, 24, 25] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

## BACKGROUND

On June 4, 2008, in the California Superior Court, County of Tulare, Petitioner pled no contest to assault with a deadly weapon (Cal. Penal Code § 245(a)(1)).[2]  Petitioner also admitted personally inflicting great bodily injury during the commission of the offense (§ 12022.7(a)), committing the assault for the benefit of a criminal street gang (§ 168.22(b)(1)(C)), and that the assault was a serious felony (§ 969f).

On August 7, 2008, Petitioner sought to withdraw his plea mainly on the ground of ineffective assistance of counsel.  The trial court denied the motion on August 13, 2008.

---

[1] Petitioner listed P.T. Smith as Respondent in this action but Greg Lewis is the acting Warden of California State Prison, Pelican Bay, where Petitioner is in custody.  (Fed. R. Civ. P. 25(d).)

[2] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1    Petitioner was subsequently sentenced to two years on the assault conviction, three years
2 on the great-bodily-injury enhancement, and ten years on the gang enhancement for a total term
3 of fifteen years in state prison.
4    On December 3, 2008, Petitioner filed a timely notice of appeal in the California Court of
5 Appeal, Fifth Appellate District. On April 21, 2009, the Court of Appeal reversed and remanded
6 the case to the trial court with instructions to conduct a Marsden inquiry to assess defense
7 counsel's effectiveness and reconsider Petitioner's motion to withdraw his plea in light of the
8 findings.
9    On July 29 and August 4, 2009, the trial court held a Marsden hearing and determined his
10 defense counsel did not render ineffective assistance. Thus, the trial court denied Petitioner's
11 motion to withdraw his plea and reinstated his fifteen-year prison sentence.
12    On February 11, 2010, Petitioner filed a state petition for writ of habeas corpus in the
13 Tulare County Superior Court. The Superior Court denied the petition on March 18, 2010. On
14 March 16, 2010, Petitioner appealed the court's ruling to the California Court of Appeal, Fifth
15 Appellate District. The docket reflects that Petitioner also submitted a letter to the appellate
16 court raising ineffective assistance of counsel claims. The Court of Appeal affirmed the
17 judgment on July 2, 2010.
18    On May 7, 2010, Petitioner filed a state petition for writ of habeas corpus in the
19 California Court of Appeal, Fifth District, in case number F060063. The Court of Appeal denied
20 the petition on March 10, 2011.
21    On November 29, 2010, Petitioner filed a state petition for writ of habeas corpus in the
22 California Supreme Court in case number S188594. The California Supreme Court denied the
23 petition on May 18, 2011.
24    On March 1, 2011, Petitioner filed another state petition for writ of habeas corpus in the
25 California Superior Court, County of Tulare, in case number VHC248968. The Superior Court
26 denied the petition on March 3, 2011.
27    Petitioner filed the instant petition for writ of habeas corpus on July 25, 2011. On August
28 9, 2011, the Court granted Petitioner's motion to amend his original petition. Petitioner filed an

1  amended petition on September 2, 2011.

2  Respondent filed the instant motion to dismiss on December 14, 2011.  Petitioner filed an
3  opposition on December 30, 2011.

DISCUSSION

I.     Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

II.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

The petitioner must also have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne,

> 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner presented the following four claims to the California Supreme Court in his state habeas corpus petition: (1) his counsel was constitutionally ineffective for failing to argue his confession was obtained by physical coercion, (2) his counsel was constitutionally ineffective for failing to conduct pre-trial investigations, (3) his counsel was constitutionally ineffective for failing to present and investigate eyewitness statements, and (4) his counsel was constitutionally ineffective for improperly inducing his guilty plea. The California Supreme Court denied all of the claims.

In the amended federal petition, Petitioner presents the following four claims: (1) his guilty plea was the product of ineffective assistance of counsel; (2) defense counsel was ineffective for failing to conduct a pretrial investigation; (3) his confession was obtained by the use of physical coercion; and (4) his conviction resulted from an identification made during an unconstitutionally suggestive line-up.

Respondent argues and Petitioner concedes that Grounds Three and Four have not been exhausted. In Ground Three of the amended petition, Petitioner argues his confession was obtained by "the use of physical coercion." In Ground Four, Petitioner claims his conviction resulted from "an identification made during an unconstitutionality suggestive line-up." Neither of these claims were presented to the California Supreme Court.

While Petitioner concedes these claims were not exhausted, he argues this Court should stay and hold the petition in abeyance under Rhines v. Weber, 544 U.S. 269 (2005) because his

claims are "potentially meritorious." In <u>Rhines</u>, the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. The Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." <u>Rhines</u>, 544 U.S. at 278.

In this case, Petitioner has failed to demonstrate good cause for his failure to exhaust and argues only that his claims are potentially meritorious. Even if the Court assumed the claims are potentially meritorious, Petitioner has not demonstrated good cause, nor  or that he is not engaging in dilatory litigation tactics by failing to exhaust the claims prior to filing in this Court. Accordingly, the Court must deny his request to stay the petition under <u>Rhines</u>. Thus, the instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. <u>See Rose</u>, 455 U.S. at 521-22. However, Petitioner will be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims.

III.     <u>Motions for Discovery</u>

Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997); <u>McDaniel v. United States Dist. Court (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy v. Gramley</u>, 520 U.S. at 908-09 (citing <u>Harris v. Nelson</u>, 394 U.S. 287 (1969). Discovery will not be allowed so that the petitioner can "explore [his] case in search of its existence," looking for new constitutional claims. See <u>Rich v. Calderon</u>, 187 F.3d 1064, 1067 (9th Cir. 1999). If good cause is shown, the extent and scope of discovery is within the court's

discretion. See Habeas Rule 6(a). The Court's duty in a habeas proceeding is to determine whether or not petitioner's constitutional rights were violated in the course of the conviction.

Petitioner has filed three motions for discovery requesting the Court to order various documents, including transcripts of the preliminary and Marsden hearings, police reports, any statements written by him, and any photographs. Here, Petitioner has failed to demonstrate good cause to order discovery. Further, the motion is premature: the court cannot determine if discovery if necessary unless and until an answer from the proper respondent is filed. Accordingly, Petitioner's motions for discovery should be denied without prejudice.

## ORDER

1. Petitioner's motions for discovery are denied without prejudice;
2. Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims; and
3. In the alternative, if Petitioner does not file the motion, Respondent's motion to dismiss the petition for writ of habeas corpus will be granted.[3] This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d).

IT IS SO ORDERED.

**Dated:   January 12, 2012**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.